**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
|     DENNIS M. HARRSCH, | : | |
| | : | |
|         Debtor(s) | : | Bky. No. 09-12453 ELF |
| | : | |
| _____ | : | |
| | : | |
| MARGARET MORRISON, | : | |
| | : | |
|         Plaintiff(s) | : | |
| | : | |
|         v. | : | |
| | : | Adv. No. 09-0255 |
| DENNIS M. HARRSCH, | : | |
| | : | |
|         Defendant(s) | : | |

# M E M O R A N D U M

## I.

In this adversary proceeding, Plaintiff Margaret Morrison ("Ms. Morrison") seeks a determination that her claim against chapter 13 debtor Dr. Dennis M. Harrsch ("the Debtor") is nondischargeable pursuant to 11 U.S.C. §1328(a)(4). Section 1328(a)(4) of the Bankruptcy Code renders nondischargeable any debt:

> for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.[1]

---

[1] Section 1328(a) provides for three (3) other exceptions to the chapter 13 discharge: any debt—

> (1) provided for under section 1322 (b)(5);
>
> (2) of the kind specified in section 507 (a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a);
>
> (3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime . . . .

Presently before the court is the Debtor's Motion to Dismiss the Amended Complaint ("the Motion").[2] In essence, the Debtor contends that because he won the "race to the courthouse" and filed this bankruptcy case before Ms. Morrison obtained a judgment against him in a state court civil action, the debt falls outside the §1328(a)(4) discharge exception.

The Motion will be denied.

### II.

### A.

The Debtor commenced the above chapter 13 bankruptcy case on April 2, 2009. He has proposed a chapter 13 plan ("the Plan") in which he will make plan payments of $200.00 per month for sixty (60) months. The Plan provides for payment of administrative expenses, prepetition residential mortgage arrears and all other allowed secured and priority claims, with the balance to be distributed pro rata to the holders of general unsecured claims. (See Debtor's Chapter 13 Plan ¶¶2-6, 8.c., Bky. Docket Entry No. 16).

It appears that there were no prepetition arrears on the Debtor's residential mortgage; it also appears that the Plan does not contemplate full payment of the allowed secured claim held

---

[2] In her original Complaint filed on August 14, 2009, Ms. Morrison asserted that her claim was nondischargeable under 11 U.S.C. §523(a)(6). The Debtor filed a Motion to Dismiss the Complaint on September 8, 2009, on the ground that "[d]ebts excepted from discharge pursuant to Section 523(a)(6) are not excepted from discharge pursuant to 11 U.S.C. §1328(a)." (Motion to Dismiss ¶7, Adv. Docket Entry No. 4). By order dated October 2, 2009, the court granted the Motion to Dismiss, but also granted Ms. Morrison leave to file an Amended Complaint. (Adv. Docket Entry No. 10). Ms. Morrison did so on October 23, 2009. (Adv. Docket Entry No. 12). On November 2, 2009, the Debtor filed the Motion. (Adv. Docket Entry No. 13).

by the Debtor's residential mortgagee.[3] Thus, the Plan envisages that the payments made to the Chapter 13 Trustee ("the Trustee") will be distributed on account of: (1) the Trustee's statutory commission, (2) the allowed compensation of the Debtor's attorney and (3) the allowed unsecured claims (on a pro rata basis). The distribution to the unsecured creditors is likely to be modest.[4] One of the unsecured claimants in this case is Ms. Morrison.[5]

**B.**

Ms. Morrison not only seeks to share in the distribution of the bankruptcy estate, but she also seeks a determination that her claim is nondischargeable.

In the Amended Complaint, Ms. Morrison asserts that in July 2005, she was employed as

---

[3] I infer that there were no prepetition arrears on the Debtor's residential mortgage from the fact that the only creditor that filed a proof of claim asserting secured status against the Debtor's residence made no claim for prepetition mortgage arrears. (See Claim No. 3-1). I infer that the Debtor does not intend the Plan to pay the mortgage in full from the fact that the Plan funding is nowhere near sufficient to do so, even though the language of the Plan might be read to so provide.

[4] Presently, without consideration of Ms. Morrison's proof of claim, general unsecured claims totaling $86,876.24 have been filed. As explained in note 5, infra, Ms. Morrison believes that her claim far exceeds the sum total of all of the other filed claims. Taking into account the present level of the Trustee's commission (10%) and the probable amount of the compensation to be allowed to the Debtor's counsel, the distribution to unsecured creditors should be something less than $10,000.00, a relatively modest distribution on account of the allowed claims – even if Ms. Morrison's claim were disallowed.

[5] Ms. Morrison filed a claim in the amount of $500,000.00, but, in fact, her claim is not liquidated. Ms. Morrison attached to her proof of claim a copy of a state court complaint against the Debtor. There appears to be no dispute that she filed a state court complaint against the Debtor prepetition and that her lawsuit was pending when he commenced this chapter 13 case. (See Debtor's Statement of Financial Affairs ¶4, Bky. Docket Entry No. 14). However, there also is no dispute that no judgment has been entered determining the Debtor's liability and liquidating Ms. Morrison's damage claim. (See Response to Motion to Dismiss ¶4, Adv. Docket Entry No. 16).

a medical assistant in the medical office owned and operated by the Debtor. She alleges that on July 10, 2005, the Debtor confined her against her will, sexually assaulted her and coerced her into posing for nude photographs. She further alleges, inter alia, that the Debtor later published the photographs to third persons in a defamatory manner and made defamatory statement about her to third parties. (Amended Complaint ¶¶10, 17, 25-27, 31-35, 38). Ms. Morrison claims that due to the Debtor's alleged "extreme and outrageous" conduct, she has suffered severe emotional distress, physical injuries (including post-traumatic stress disorder), great pain and suffering and great embarrassment and humiliation. (Id. ¶¶43, 45, 48-52).

Further, in her Amended Complaint, the Debtor:

1. alleges that she filed an action against the Debtor in state court in July 2006 (Morrison v. Harrsch, No. 9337, July Term 2006 (C.P. Phila.), that was pending when this bankruptcy case was filed (id. ¶¶55, 59);

2. states her intention not to waive her right to a jury trial of her claims against the Debtor, (id. ¶63);

3. alleges that, "when liquidated," her claim is nondischargeable under 11 U.S.C. §1328(a)(4), (Amended Complaint ¶67);

4. contends that her claim cannot be liquidated by a jury in the bankruptcy court, (id. ¶64);[6]

---

[6] As is evident from her Response to the Motion, (Response to Motion to Dismiss at ¶4, Adv. Docket Entry No. 16), Ms. Morrison bases her contention that her claim cannot be liquidated in the bankruptcy court on her assertion of a right to a jury trial. At this point, I do not pass on the merits of either Ms. Morrison's premise (that she has a right to a jury trial after filing a proof of claim in the bankruptcy court, but see Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58 (1989) (allowance and disallowance of bankruptcy claims are triable in equity) or her conclusion (that a jury trial cannot be conducted in the bankruptcy court, but see 28 U.S.C. §157(e) (bankruptcy judge may conduct jury trial if specially designated by the district court and with express consent of all the parties)).

I do point out that in considering the bankruptcy court's power to liquidate Ms. Morrison's claim, other statutory provisions that must be considered are: 28 U.S.C. §157(b)(2)(B) (core proceedings do not include "the liquidation . . . of contingent or unliquidated personal injury tort or

(continued...)

5. states her intention to seek relief from the automatic stay, (id. ¶66); and

6. in the prayer for relief, requests that an order be entered determining her claim against the Debtor is nondischargeable under 11 U.S.C. § 1328(a)(4).

### C.

In considering a motion to dismiss a complaint under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6), it is a fundamental and incontrovertible principle that the court must accept the factual allegations in the pleading as true. E.g., Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). Consistent with that principle, the Debtor here does not question the veracity of the factual allegations in the Amended Complaint – for purposes of deciding the Motion.[7] Nor does the Debtor dispute that the facts set forth, if proven, establish the existence of a nondischargeable debt for "damages . . . as a result of a willful or malicious injury . . . that caused personal injury to an individual . . . ." 11 U.S.C. §1328(a)(4).

Rather, in the Motion, the Debtor relies upon the phrase found in §1328(a)(4): "awarded in a civil action against the debtor." The Debtor argues that the Amended Complaint fails to state a claim under §1328(a)(4) because Ms. Morrison does not (and cannot) allege that her claim for damages was reduced to judgment prepetition. Therefore, according to the Debtor, Ms.

---

[6](...continued)
wrongful death claims against the estate for purposes of distribution . . . .") and id. §157(b)(5) ("personal injury tort . . . claims shall be tried in the district court in which the bankruptcy case is ending, or in the district court in the district in which the claim arose") (emphasis added).

[7]    I assume that the Debtor will contest the factual veracity of the allegations in the Complaint once required to file a response to the Complaint.

Morrison's claim is not one for damages "awarded" against the Debtor as required by §1328(a)(4).  (Debtor's Motion to Dismiss ¶4, Adv. Docket Entry No. 13).

In response to the Motion, Ms. Morrison argues that the Amended Complaint should not be dismissed because the facts alleged are sufficient to state a claim for willful or malicious injury.  Ms. Morrison implicitly interprets §1328(a)(4) to render a debt nondischargeable even if the damages for willful or malicious injury are "awarded" after a bankruptcy case has been commenced.  Ms. Morrison contends that this court should grant her leave to liquidate her claim by granting her relief to proceed against the Debtor in her pending state court action.[8]

### III.

The Motion and the Response present a specific legal issue: for a debt to be nondischargeable under §1328(4), must a civil action award for restitution or damages have been entered prior to the commencement of the bankruptcy case?

I am aware of four (4) reported opinions on this issue and those courts are evenly divided.  In In re Waag, 418 B.R. 373 (B.A.P. 9th Cir. 2009) and In re Taylor, 388 B.R. 115 (Bankr. M.D.

---

[8]    After reiterating the argument made in the Amended Complaint that she is entitled to a jury trial in state court (Amended Complaint ¶¶62-64) in her Response to the Debtor's Motion, Ms. Morrison then repeated the statement made in the Amended Complaint (id. ¶¶ 65-66) – that she intends to file a motion for relief from the automatic stay.  In fact, she stated that the motion "would be filed within the next 10 days."  (Plaintiff's Response to Motion to Dismiss ¶4, Adv. Docket Entry No. 16).  Ms. Morrison's Response to the Motion was filed on November 17, 2009.  Since then, she has not filed a motion for relief from the stay.

Because I am denying the Motion, this litigation will proceed further.  In the order denying the Motion, I will set a deadline for Ms. Morrison to file a motion for relief from stay so that her argument (if she wishes to press it) that this dispute should or must be tried (at least initially) in a nonbankruptcy forum can be vetted before the parties and the court expend considerable additional resources in this adversary proceeding.

Pa. 2008), the courts held that §1328(a)(4) does not mandate that the award be entered prepetition. In <u>In re Byrd</u>, 388 B.R. 875 (Bankr. C.D. Ill. 2007) and <u>In re Nuttal</u>, 2007 WL 128896 (Bankr. D.N.J. Jan. 11, 2007), the courts held to the contrary.

Because I am largely (though not entirely) in agreement with the detailed and thoughtful opinions by the courts in <u>Waag</u> and <u>Taylor</u>, I will not set out an elaborate statutory construction analysis. I write further only to point out that the issue may be a closer one than those courts suggest.

I perceive at least three (3) forceful textual arguments in favor of the construction of 11 U.S.C. §1328(a)(4) urged by the Defendant here and accepted by the courts in <u>Byrd</u> and <u>Nuttal</u>.

First, in another dischargeability provision of the Bankruptcy Code that includes the existence of a "judgment" as an element of a claim's nondischargeability – 11 U.S.C. §523(a)(19) – Congress demonstrated that it knew how to express its intention that the necessary judgment could be entered after the filing of the bankruptcy case. <u>Id.</u> (exception to discharge for a debt for a securities law violation that result in, <u>inter alia</u>, a judgment "<u>before, on, or after the date on which the petition was filed</u>") (emphasis added). The absence of comparable language in §1328(a)(4) creates a plausible negative inference in interpreting §1328(a)(4).

Second, a comparison of §1328(a)(4) with §523(a)(6) – two (2) substantially similar, nondischargeability provisions – lends support to the Debtor's position. Section 523(a)(6) makes no reference to the claim having been "awarded," while §1328(a)(4) does so, conspicuously using the past tense. Arguably, by adding the words "awarded in a civil action" to the text of §523(a)(6) that was largely (but not exactly) imported into §1328(a)(4), Congress intended to differentiate §1328(a)(4) from §523(a)(6) by requiring that a judgment be entered

prior to the filing of the bankruptcy case as a required element of a nondischargeability claim.

Finally, if Congress contemplated that the "award" element of §1328(a)(4) nondischargeability could be satisfied post-petition, it simply could have omitted the words "awarded in a civil action." Indeed, given that the Bankruptcy Code's broad definition of "claim" and "debt" expressly includes a "disputed" right to payment that has not yet been liquidated or reduced to judgment, see 11 U.S.C. §101(5), the Waag and Taylor construction of §1328(a)(4) tends to reduce the phrase "awarded in a civil action" to surplusage – a disfavored statutory construction.

On the other hand, when the text of §1328(a)(4) is analyzed within the context of §1328(a), the Taylor court makes a compelling case for the proposition that the use of the phrase "awarded in a civil action" was not intended to differentiate between a judgment entered before or after the filing of the bankruptcy case, but rather to differentiate §1328(a)(4) civil debts from the types of debts arising from criminal proceedings made nondischargeable by §1328(a)(3). 388 B.R. at 119.

In short, I find §1328(a)(4) ambiguous and I do not believe that its meaning can be determined simply by deconstructing its text and applying various canons of statutory construction. In the absence of any legislative history that would further elucidate Congress' intent (and I am unaware of any), I find persuasive the policy concerns articulated by the Waag and Taylor courts and infer that those concerns likely motivated Congress.

Section 1328(a)(4) appears to except from discharge debts that are in the nature of intentional torts. See generally Kawaauhau v. Geiger, 523 U.S. 57, 61 ("the [523](a)(6)

formulation triggers in the lawyer's mind the category "'intentional torts'").[9] Considering that, like §523(a)(6), the §1328(a)(4) discharge exception disqualifies a debtor from receiving a discharge of debts arising from his or her wrongful conduct, I cannot fathom why Congress would choose to have such a debt's dischargeability depend on whether the debtor or the creditor wins the proverbial "race to the courthouse." See generally Grogan v. Garner, 498 U.S. 279, 286-87 (the bankruptcy law "limits the opportunity for a completely unencumbered new beginning to the 'honest but unfortunate debtor'") (quoting Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934).

In short, the outcome urged by the Debtor strikes me as inconsistent with fundamental bankruptcy policy. In the absence of a textually clear Congressional directive overriding the fundamental, longstanding bankruptcy policy prohibiting (upon timely creditor objection) the discharge of a debt (whether reduced to judgment prepetition or not) arising from a debtor's intentional and wrongful conduct and the recent importation of that principle into chapter 13, I am reluctant to interpret the statutory text of §1328(a)(4) as insulating a debtor's wrongful conduct based solely on the vagaries of timing. Therefore, I conclude that by adding §1328(a)(4) to the Bankruptcy Code in 2005 to expand the types of debts that are nondischargeable in chapter 13 cases, Congress contemplated that the required "award" for restitution or damages for willful

---

[9] I am aware that §523(a)(6) employs the phrase "willful and malicious" while §1328(a)(4) employs the phrase "willful or malicious." I leave for another day, the effect, if any, of this difference. Also, while not material to the issue at hand, §1328(a)(4) is narrower than §523(a)(6); it is limited to injuries that cause personal injury or death to an individual while §523(a)(6) encompasses both personal injuries and injuries to property.

or malicious injury may be entered <u>after</u> the commencement of the debtor's bankruptcy case.[10]

---

    [10]     The next issue in this litigation will be to identify Congress' intent regarding the proper forum for the initial trial of the parties' dispute. There are a number of options:

> (1) The litigation could begin in the bankruptcy court and, if the creditor prevails on all of the nondischargeability elements other than the entry of an "award," resume thereafter in a non-bankruptcy forum.
>
> (2) The bankruptcy court could defer to the non-bankruptcy forum (through relief from the automatic stay or abstention) and, if the creditor prevails there, later determine whether the other nondischargeability elements have been satisfied?
>
> (3) It may be most appropriate for the district court to withdraw the reference of the dischargeability proceeding and determine the creditor's entitlement to an "award" and dischargeability in a single proceeding? <u>See generally</u> <u>In re Morrison</u>, 555 F.3d 473, 478 (5th Cir. 2009) (bankruptcy subject matter jurisdiction includes the power to enter a money judgment in dischargeability proceeding) (collecting cases). <u>Contra</u> <u>In re Cambio</u>, 353 B.R. 30, 32-33 (1st Cir. B.A.P. 2004) (collecting cases); <u>In re Thrall</u>, 196 B.R. 959 (Bankr. D. Colo. 1996) (thorough articulation of the arguments supporting the narrower view of bankruptcy subject matter jurisdiction on this issue).

    When presented with a similar issue in a dischargeability proceeding arising under 11 U.S.C. §523(a)(19), in the circumstances presented, I determined that the dischargeability proceeding in the bankruptcy court had primacy and denied the creditor's motion for relief from the automatic stay, thereby requiring the creditor to litigate the dischargeability first in the bankruptcy court. <u>See</u> <u>In re Chan</u>, 355 B.R. 494 (Bankr. E.D. Pa. 2006). It is not obvious to me that <u>Chan</u> dictates the same outcome here. <u>Chan</u> was subject to a thoughtful critique by the court in <u>In re Jafari</u>, 401 B.R. 494 (Bankr. D. Colo. 2009) and it may be appropriate to revisit its reasoning and holding. Also the circumstances presented here may be distinguishable. Unlike <u>Chan</u>, this dispute involves a personal injury claim, not an injury to the creditor's property. This difference raises additional jurisdictional and prudential issues requiring consideration. <u>See</u> n.6, <u>supra</u>.

    I make no decision at this time as these issues are not yet before me.

## IV.

For the reasons set forth below, the Motion will be denied and the Debtor will be required to file an Answer to the Amended Complaint within twenty-one (21) days.

Date: **January 19, 2010**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**